UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILFRED GREENUP** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-5553** |
| **JAMES M. LEBLANC, ET AL.** | **SECTION: "R"(1)** |

**REPORT AND RECOMMENDATION**

Plaintiff, Wilfred Greenup, a state prisoner incarcerated at the Rayburn Correctional Center ("RCC"), filed this *pro se* and *in forma pauperis* federal civil action pursuant to 42 U.S.C. § 1983.[1] He sued James M. LeBlanc (the Secretary of the Louisiana Department of Public Safety and Corrections) and Travis Day (the Warden of RCC). In this lawsuit, plaintiff claims that his rights are being violated as a result of his exposure to environmental tobacco smoke at RCC.

The defendants have filed motions to dismiss, arguing that dismissal is appropriate under Fed. R. Civ. P. 12(b)(1), Fed. R. Civ. P. 12(b)(6), and/or 28 U.S.C. § 1915.[2] Plaintiff has opposed those motions.[3]

Pursuant to Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." Home Builders Association of Mississippi, Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir.

---

[1] In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ….

42 U.S.C. § 1983. Accordingly, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

[2] Rec. Docs. 21 and 26.
[3] Rec. Docs. 24 and 28.

1998) (quotation marks omitted). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001) (citations omitted). A court should consider a Rule 12(b)(1) jurisdictional attack before addressing alternative motions attacking the merits of a plaintiff's claims. Id.

Rule 12(b)(6) allows a defendant to move for dismissal when a plaintiff fails to state a claim upon which relief can be granted. In ruling on such a motion, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (quotation marks omitted). Nevertheless, "[t]o survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. (footnote, citation, and quotation marks omitted).

The federal pauper statute, 28 U.S.C. § 1915, requires a district court to dismiss an *in forma pauperis* complaint if the court determines that the action is frivolous or fails to state a claim upon which relief may be granted. A claim is frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) "if it has no arguable basis in law or in fact." Davis v. Lumpkin, 35 F.4th 958, 962 (5th Cir. 2022) (quotation marks omitted). A dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard as under Rule 12(b)(6). Id.

In this lawsuit, plaintiff alleges that RCC inmates dry chewing tobacco in the facility's microwave and then fashion homemade cigarettes from the dried tobacco. He claims that the secondhand smoke from those cigarettes causes him to experience headaches and throat discomfort. He also complains that the jail dorm lacks a sprinkler system and signage prohibiting

smoking, and he alleges that the Louisiana Smokefree Air Act, La. Rev. Stat. Ann. §§ 40:1291.1-1291.24, is being violated.[4] He seeks both monetary damages and injunctive relief.[5] Because he does not specifically state whether he is suing the defendants in their official or individual capacities, the Court will assume that he is pursuing both avenues. See Garrett v. Stephens, 675 F. App'x 444, 447 (5th Cir. 2017).

In their motions, the defendants first argue that any claims for monetary damages against them in their **official capacities** are barred by the Eleventh Amendment. They are correct.

The Eleventh Amendment to the United States Constitution provides: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." U.S. Const. amend. XI. Despite the wording of that amendment, the United States Supreme Court has held: "For over a century, however, we have recognized that the States' sovereign immunity is not limited to the literal terms of the Eleventh Amendment. Although the text of the Amendment refers only to suits against a State by citizens of **another** State, we have repeatedly held that an unconsenting State also is immune from suits by its **own** citizens." Tennessee Student Assistance Corp. v. Hood, 541 U.S. 440, 446 (2004) (emphasis added; citation omitted).

"Because of the Eleventh Amendment, States may not be sued in federal court unless they consent to it in unequivocal terms or unless Congress, pursuant to a valid exercise of power, unequivocally expresses its intent to abrogate the immunity." Green v. Mansour, 474 U.S. 64, 68 (1985). The State of Louisiana has not so consented. Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 281 (5th Cir. 2002) ("By statute, Louisiana has refused any

---

[4] Rec. Doc. 7, p. 3.
[5] Id. at p. 4.

3

... waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court. See LA.REV.STAT. ANN. § 13:5106(A)."). And Congress has not abrogated Eleventh Amendment immunity for cases brought pursuant to 42 U.S.C. § 1983. See Quern v. Jordan, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe … that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States."). Therefore, Eleventh Amendment immunity is applicable to § 1983 claims against the State of Louisiana – and by extension, to official-capacity claims for monetary damages against Louisiana state officers, such as Secretary LeBlanc and Warden Day. Kentucky v. Graham, 473 U.S. 159, 169 (1985) ("The Court has held that, absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court. This bar remains in effect when State officials are sued for damages in their official capacity." (footnote and citation omitted); Mckinley v. Abbott, 643 F.3d 403, 406 (5th Cir. 2011) ("Eleventh Amendment immunity extends to state officials who are sued in their official capacities because such a suit is actually one against the state itself."); K.P. v. LeBlanc, 627 F.3d 115, 124 (5th Cir. 2010) ("The Eleventh Amendment bars suits by private citizens against a state in federal court. The bar applies not only to the state itself, but also protects state actors in their official capacities." (citations omitted)).

"When the Eleventh Amendment applies, [federal] courts lack subject-matter jurisdiction over the claim." Bryant v. Texas Department of Aging and Disability Services, 781 F.3d 764, 769 (5th Cir. 2015). Accordingly, plaintiff's official-capacity claims for monetary damages should be dismissed without prejudice pursuant to Rule 12(b)(1). Harris v. Louisiana Department of Public Safety and Corrections, Civ. Action No. 22-2473, 2023 WL 3612400, at *3 (E.D. La. Apr. 28, 2023) (Roby, M.J.) (recommending that official-capacity claims against state officials for monetary damages were barred by the Eleventh Amendment and so should be dismissed pursuant

4

to Rule 12(b)(1)), adopted as modified, 2023 WL 3601656 (E.D. La. May 23, 2023) (Vance, J.) (adopting recommendation but modifying dismissal to be without prejudice); Brenckle v. MacFay, Civ. Action No. 17-13500, 2018 WL 3340382, at *1 (E.D. La. Apr. 2, 2018) (Knowles, M.J.), adopted, 2018 WL 3329075 (E.D. La. July 6, 2018) (Barbier, J.).[6]

As to any claims for monetary damages against them in their **individual capacities**, the defendants do not argue that those claims are barred by the Eleventh Amendment. And, indeed, the Eleventh Amendment does not bar such claims. Martin v. Thomas, 973 F.2d 449, 458 (5th Cir. 1992) ("The Eleventh Amendment does not bar suits against officials in their individual capacities."); accord Kermode v. University of Mississippi Medical Center, 496 F. App'x 483, 491 (5th Cir. 2012) ("[A] plaintiff may sue state officers without implicating the state's sovereign immunity … [by] fil[ing] suit against the state officers in their individual capacities for money damages to be paid by the defendant individually and not by the state.").

The defendants instead argue that any claims against them in the individual capacities fail for different reason, namely, that plaintiff has failed to properly allege their personal involvement in the underlying purported violations.

It is true that "[p]ersonal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). That rule applies even where, as here, a plaintiff has sued supervisory officials. Sanchez v. Young County, 866 F.3d 274, 281 (5th Cir. 2017) ("Supervisors cannot be held liable for constitutional violations … if they had no personal involvement.").[7] Therefore, a complaint asserting individual-capacity claims against

---

[6] The defendants also correctly note that, even apart from their Eleventh Amendment immunity, any official-capacity claims for monetary damages additionally fail for another reason, namely that state officials sued in their official capacities simply do not qualify as "persons" under 42 U.S.C. § 1983. See, e.g., Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983.").

[7] This is true because "[i]t is black-letter law … that § 1983 does not create *respondeat superior* liability." McNeal v. LeBlanc, 90 F.4th 425, 431 (5th Cir. 2024); accord Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009) ("In a § 1983 suit

5

supervisory officials must include well-pled allegations of their personal involvement or some other form of causation to connect them to a violation purportedly committed by their subordinates. Marks v. Hudson, 933 F.3d 481, 490 (5th Cir. 2019). And that requires factual specificity. See Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) ("Plaintiffs suing governmental officials in their individual capacities ... must allege **specific conduct** giving rise to a constitutional violation. **This standard requires more than conclusional assertions**: The plaintiff must allege **specific facts** giving rise to the constitutional claims." (emphasis added; citation omitted)).

Here, the defendants assert that plaintiff's factual allegations in his original complaint fall far short of what is necessary to state individual-capacity claims against them. Specifically, the defendants argue: "Plaintiff does not allege that any Defendant was personally involved in or made aware of his situation, only that someone under their supervision was in close proximity to where other inmates were microwaving tobacco."[8] The defendants are correct that the original complaint includes no specific allegations against either LeBlanc or Day.

However, that does not necessarily mean that the defendants prevail, because the Court is not limited to considering only the allegations in the original complaint. Rather, because plaintiff is proceeding without counsel in this matter, the Court must consider his "complaint under the less stringent standards applicable to *pro se* litigants." Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). Therefore, the Court is "required to look beyond the [plaintiff's] formal complaint and to consider as amendments to the complaint those materials subsequently filed." Id. Accordingly, when ruling on the defendants' motions to dismiss, the Court must also consider any additional

---

... – where masters do not answer for the torts of their servants – the term 'supervisory liability' is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."); Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability.").
[8] Rec. Doc. 21-1, p. 9.

allegations in his oppositions that embellish the original complaint's averments. See id.; see also Lozano v. Schubert, 41 F.4th 485, 490-91 (5th Cir. 2022); Brenckle v. MacFay, Civ. Action No. 17-13500, 2018 WL 3340382, at *3 (E.D. La. Apr. 2, 2018) (Knowles, M.J.), adopted, 2018 WL 3329075 (E.D. La. July 6, 2018) (Barbier, J.).

Here, plaintiff made additional factual allegations in his oppositions. Specifically, in those oppositions, he alleged that defendant Day was "fully aware" that inmates were "smoking cooked dip out of the microwave" and that the resulting secondhand smoke caused damage.[9] Plaintiff further alleged that defendants LeBlanc and Day "have not tried to do anything to resolve or remedy the ongoing problem of cooked dip in the microwaves."[10] He also alleged that the defendants failed to enforce the provisions of state law regarding prohibitions on smoking.[11] He further alleged that defendant LeBlanc was "fully aware" that the RCC "living units" lacked sprinklers.[12]

Therefore, the critical question before the Court is whether those **additional** specific allegations are adequate to state cognizable claims. But because the instant motions to dismiss were based solely on the allegations (or lack thereof) in plaintiff's original complaint, the defendants have not addressed whether plaintiff's additional allegations in his oppositions suffice to state claims under Rule 12(b)(6) or under 28 U.S.C. § 1915(e)(2)(B). Therefore, the instant motions should be denied without prejudice as to plaintiff's individual-capacity claims for monetary damages, and the defendants should be allowed the opportunity to reurge their motions, if they desire to do so, to argue that plaintiff's claims still fail even once the additional allegations

---

[9] Rec. Doc. 24, p. 3.
[10] Rec. Doc. 28, p. 3.
[11] Id. at p. 2.
[12] Id.

are considered. If the defendants do indeed reurge their motions, any such motions should, of course, include citations to relevant authority supporting the defendants' arguments.

It must also be noted that the defendants' motions do not address plaintiff's request for prospective injunctive relief. And the Court expressly notes that, unlike plaintiff's official-capacity claims for monetary damages, his claims for prospective injunctive relief are not barred by the Eleventh Amendment. Aguilar v. Texas Department of Criminal Justice, 160 F.3d 1052, 1054 (5th Cir. 1998) ("In *Ex Parte* Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), the Supreme Court carved out an exception to Eleventh Amendment immunity. The Court held that enforcement of an unconstitutional law is not an official act because a state cannot confer authority on its officers to violate the Constitution or federal law. To meet the *Ex Parte* Young exception, a plaintiff's suit alleging a violation of federal law must be brought against individual persons in their official capacities as agents of the state, and the relief sought must be declaratory or injunctive in nature and prospective in effect." (citation omitted)).[13] Accordingly, any reurged motions to dismiss should also address that aspect of plaintiff's claims.

## RECOMMENDATION

It is therefore **RECOMMENDED** that motions to dismiss filed by Travis Day and James LeBlanc, Rec. Docs. 21 and 26, be **GRANTED IN PART AND DENIED IN PART**. It is **RECOMMENDED** that the motions be **GRANTED** with respect to plaintiff's official-capacity claims for monetary damages and that those claims be **DISMISSED WITHOUT PREJUDICE** pursuant to the Eleventh Amendment and Rule 12(b)(1). It is **FURTHER RECOMMENDED** that the motions be **DENIED WITHOUT PREJUDICE** in all other respects.

---

[13] The problem identified in *supra* note 6 likewise does not bar such claims: "[A] state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State." Will, 491 U.S. at 71 n.10 (1989) (quotation marks omitted).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 4th day of March, 2024.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**