UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**WILFRED GREENUP**                                              **CIVIL ACTION**

**VERSUS**                                                       **NO. 23-5553**

**JAMES M. LEBLANC, ET AL.**                                     **SECTION: "R"(3)**

## REPORT AND RECOMMENDATION

Defendants, James M. LeBlanc and Travis Day, have filed a motion for summary judgment on the Plaintiff's remaining claims.[1] In opposition, Plaintiff has filed a cross-motion for summary judgment.[2] Having considered the parties' memoranda, the record, and the applicable law, it is recommended that Defendants' motion for summary judgment be granted and that Plaintiff's motion for summary judgment be denied.

### I.   Background

Plaintiff, Wilfred Greenup, filed this *pro se* and *in forma pauperis* federal civil action under 42 U.S.C. § 1983. He sued the Secretary of the Louisiana Department of Public Safety and Corrections, James M. LeBlanc, and the Warden of the Rayburn Correctional Center ("RCC"), Travis Day. Plaintiff alleges that RCC inmates dry chewing tobacco in the facility's microwave and then fashion homemade cigarettes

---

[1] Rec. Doc. 30.
[2] Rec. Doc. 34.

from the dried tobacco. He claims that the secondhand smoke from those cigarettes caused him to experience headaches and throat discomfort.[3]

The Court previously dismissed Plaintiff's official-capacity claims for monetary damages.[4] Defendants seek summary judgment on the remaining claims based on the argument that Plaintiff failed to exhaust his administrative remedies.[5] In opposition, Plaintiff has cross-moved for summary judgment.[6]

## II.   Standard of Law

Summary judgment is appropriate if a movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" when its resolution might affect the case's outcome under governing law. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). "A genuine dispute of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *S. Ins. Co. v. Affiliated FM Ins. Co.,* 830 F.3d 337, 343 (5th Cir. 2016) (quoting *Anderson*, 477 U.S. at 248). Courts resolve factual controversies in favor of the nomoving party. An actual controversy, however, exists only "when both parties have submitted evidence of contradictory facts." *Guillot ex rel. T.A.G. v. Russell*, 59 F.4th 743, 750 (5th Cir. 2023)

---

[3] Rec. Doc. 7 at 3.
[4] Rec. Docs. 29 and 33; *Greenup v. LeBlanc*, Civ. Action No. 23-5553, 2024 WL 1269994 (E.D. La. Mar. 4, 2024), *adopted*, 2024 WL 1256257 (E.D. La. Mar. 25, 2024).
[5] Rec. Doc. 30 (citing 42 U.S.C. § 1997e(a)).
[6] Rec. Doc. 34.

(quotation omitted). "'If the evidence is merely colorable, or is not significantly probative,' summary judgment is appropriate." *Cutting Underwater Techs. USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 517 (5th Cir. 2012) (quoting *Anderson*, 477 U.S. at 248).

"In an effort to address the large number of prisoner complaints filed in federal court, Congress enacted the Prison Litigation Reform Act of 1995 (PLRA), 110 Stat. 1321-71, as amended, 42 U.S.C. § 1997e *et seq.*" *Jones v. Bock*, 549 U.S. 199, 202, (2007). The PLRA requires that a plaintiff complaining about prison conditions exhaust administrative grievance remedies before suing. *See id.* (citing 42 U.S.C. § 1997e(a)). The exhaustion requirement is "mandatory" and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). A prisoner meets the exhaustion requirement only if he pursues his administrative remedies through the conclusion of available procedures. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).

Exhaustion is an affirmative defense on which the defendant bears the burden of proof. *See, e.g., Abbott v. Babin*, 587 F. App'x 116, 118 (5th Cir. 2014) ("When defendants seek to avail themselves of the affirmative defense of failure to exhaust, they bear the burden of showing that administrative remedies were not exhausted."). If a defendant meets that burden, the burden "shifts to the nonmoving party to show

3

the existence of a genuine issue of material fact." *Favela v. Collier*, 91 F.4th 1210, 1212 (5th Cir. 2024).

### III. Analysis

Plaintiff filed this lawsuit while a prisoner at RCC, a state prison operated by the Louisiana Department of Public Safety and Corrections. His available administrative remedies are set forth in Louisiana's Administrative Remedy Procedure ("ARP"), codified in Title 22 of the Louisiana Administrative Code. *See, e.g., North v. Travis*, Civ. Action No. 07-9255, 2008 WL 4810089, at *2 (E.D. La. Oct. 29, 2008).

A prisoner commences the ARP process by filing a written grievance "within a 90 day period after an incident has occurred." La. Admin. Code tit. 22, § 325(G)(1). In that written grievance, the prisoner "briefly sets out the basis for his claim, and the relief sought." § 325(G)(1)(a)(i). At the first step of the ARP, the Warden has 40 days to respond. § 325(J)(1)(a)(ii). If the prisoner is dissatisfied with the Warden's response, he may go on to the second step of the ARP by appealing to the Secretary of the Department of Public Safety and Corrections. § 325(J)(1)(b)(i). The Secretary or his designee has 45 days to respond at that second step. § 325(J)(1)(b)(ii). If the prisoner is not satisfied with that second step response, he may then sue. § 325(J)(1)(b)(iv).

Defendants maintain that Plaintiff filed no grievances concerning environmental tobacco smoke at RCC. They rely on an affidavit executed by Linda

4

Brockhaus, the official who maintains the ARP records for all grievances filed at RCC.[7] Ms. Brockhaus asserts that she has examined the ARP records and found that Plaintiff had "not filed any ARP relating to or referencing exposure to tobacco smoke at RCC."[8] She also asserts that the Plaintiff "did not complete, let alone initiate, the two-step process on any ARP related to any incident on March 21, 2023."[9]

Plaintiff disputes the accuracy of Ms. Brockhaus's statement that he did not file any ARP. He has submitted a document that he characterizes as a grievance he submitted relative to an environmental tobacco smoke incident on March 21, 2023.[10] At best, however, plaintiff's evidence establishes only that he began the ARP process. The PLRA requires more.

"'Exhaust' is defined as 'to take complete advantage of (legal remedies).'" *Underwood v. Wilson*, 151 F.3d 292, 294 (5th Cir.1998) (quoting Webster's New Int'l Dictionary 150 (3rd ed. 1981)). A prisoner has not exhausted his administrative remedies unless he has pursued the grievance remedy through conclusion of a multi-step administrative remedy procedure. *Wright*, 260 F.3d at358. This requirement applies even if the prison is nonresponsive. In such cases, "the prison's failure to timely respond simply entitles the prisoner to move on to the next step in the process."

---

[7] Rec. Doc. 30-4.

[8] *Id.* at p. 2.

[9] Rec. Doc. 30-4 at 2. The reference to March 21, 2023, appears to relate to the assertion by Plaintiff in his complaint form that he filed an ARP relative to a March 21, 2023 incident. Doc 7 at 2.

[10] Rec. Doc. 34-2.

5

*Wilson v. Epps*, 776 F.3d 296, 301 (5th Cir. 2015). "Thus, it is only if the prison fails to respond at the *last* step of the grievance process that the prisoner becomes entitled to sue, because then there is no next step (save filing a lawsuit) to which the prisoner can advance." *Id.*

Defendants' evidence shows that Plaintiff did not pursue any grievance through the conclusion of the ARP process. Similarly, while Plaintiff's evidence may reflect he started the grievance process, it does not support the inference that he saw the process through to conclusion. Even if Plaintiff never received a timely response to his initial grievance, the ARP process allowed him to immediately proceed to the second step. *See* La. Admin. Code tit. 22, § 325(J)(1)(c) ("[E]xpiration of response time limits shall entitle the offender to move on to the next step in the process."); *see also Mitchell v. Goings*, No. 22-30759, 2023 WL 7266991, at *1 (5th Cir. Nov. 2, 2023) ("[T]he Louisiana Administrative Code permits a prisoner to proceed to the second step of the administrative process if a first-step response is not received within the prescribed time limit."). There is no evidence, however, that Plaintiff proceeded to that second step. To the contrary, Defendants' evidence shows that he did not do so. Thus, the summary judgment record demonstrates that Defendants' motion should be granted because Plaintiff has not exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a). *Bargher v. White*, 928 F.3d 439, 447 (5th Cir. 2019); *see also Walker v. Seal*, Civ. Action No. 06-1300, 2007 WL 1169364 (E.D. La. Apr. 19, 2007).

Two additional observations are warranted because it appears that pPlaintiff may no longer be incarcerated.[11] First, because he was incarcerated when he filed this civil action, the exhaustion requirement of 42 U.S.C. § 1997e(a) applies to the above-captioned matter despite his subsequent release. *See Bargher*, 928 F.3d at 447 (holding that a plaintiff's "subsequent release does not relieve him of the requirement to exhaust administrative remedies for this current legal action that he initiated while in prison"). Second, if Plaintiff has now been released, a new lawsuit would not be subject to the statutory exhaustion requirement. *Id.* at 448 (holding that "though [plaintiff's] present action must be dismissed, [he] would not be bound by the PLRA's exhaustion requirements if he were to immediately refile"). Accordingly, although this action must be dismissed, the dismissal should be "without prejudice to his ability to timely refile." *Id.*[12]

### RECOMMENDATION

It is therefore **RECOMMENDED** that Defendants' motion for summary judgment, Rec. Doc. 30, be **GRANTED** and that Plaintiff's remaining claims against James M. LeBlanc and Travis Day be **DISMISSED WITHOUT PREJUDICE**.

It is **FURTHER RECOMMENDED** that Plaintiff's cross-motion for summary judgment, Rec. Doc. 34, be **DENIED**.

---

[11] In his cross-motion for summary judgment, plaintiff indicated that his "release date" was April 21, 2024, and he therefore supplied what is presumably a private home address. *See* Rec. Doc. 34, p. 3.

[12] The undersigned expresses no opinion on whether a refiled action would be timely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 1st day of May, 2024.

                                               **EVA J. DOSSIER**
                                               **UNITED STATES MAGISTRATE JUDGE**