UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WILFRED GREENUP | CIVIL ACTION |
| VERSUS | NO. 23-5553 |
| JAMES M LEBLANC, ET AL. | SECTION "R" (1) |

# ORDER

Plaintiff Wilfred Greenup, a state prisoner formerly incarcerated at the Rayburn Correctional Center proceeding *pro se* and *in forma pauperis*, brings this action under 42 U.S.C. § 1983.[1] On March 25, 2024, the Court adopted the Report and Recommendation (R&R) of Magistrate Judge Janis van Meerveld, granting in part and denying in part defendants' motions to dismiss.[2] Specifically, the Court granted the motions with respect to plaintiff's official-capacity claims for monetary damages, and dismissed those claims without prejudice, but denied the motions in all other respects.[3] Defendants now move for summary judgment on plaintiff's remaining claims.[4] In opposition, plaintiff has filed a cross-motion for summary judgment.[5]

---

[1] R. Doc. 7.
[2] R. Doc. 33.
[3] *Id.*
[4] R. Doc. 30.
[5] R. Doc. 34.

On May 1, 2024, Magistrate Judge Eva J. Dossier issued an R&R, recommending that the Court grant defendants' motion for summary judgment and deny plaintiff's motion for summary judgment.[6] Magistrate Judge Dossier further recommended that, in granting defendants' motion for summary judgment, plaintiff's claims should be dismissed "without prejudice to his ability to timely refile."[7] Plaintiff did not object to the R&R. Therefore, the Court reviews the R&R for clear error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996); *see also* Fed. R. Civ. P. 72(b) advisory committee's note (1983) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). The Court finds no clear error.

Accordingly, the Court adopts Magistrate Judge Dossier's R&R as its opinion. Defendants' motion for summary judgment is GRANTED, and

---

[6] R. Doc. 38.

[7] *Id.* at 7. Generally, "a district court has no discretion to grant summary judgment without prejudice." *Rivera v. PNS Stores, Inc.*, 647 F.3d 188, 195 (5th Cir. 2011). But when, as here, summary judgment is granted based on the plaintiff's failure to exhaust administrative remedies, the Fifth Circuit has held that such dismissal should be without prejudice, to allow "the litigant to refile if he exhausts or is otherwise no longer barred by the PLRA requirements." *Bargher v. White*, 928 F.3d 439, 447 (5th Cir. 2019) (citations omitted).

plaintiff's claims against defendants are DISMISSED WITHOUT PREJUDICE.  Plaintiff's motion for summary judgment is DENIED.

New Orleans, Louisiana, this __22nd__ day of May, 2024.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE